UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     JOAN C. BARRA | ) | Case No. 09-16505-SSM |
| | ) | Chapter 13 |
|                 Debtor | ) | |
| | ) | |
| JOAN C. BARRA | ) | |
| | ) | |
|                 Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 09-1251 |
| | ) | |
| ONEWEST BANK, *et al.* | ) | |
| | ) | |
|                 Defendant | ) | |

**MEMORANDUM OPINION**

Before the court is the chapter 13 debtor's motion for default judgment "stripping off" a second-lien deed of trust against his residence on the basis that there is no equity to which it can attach. A hearing was held on July 16, 2010, at which the court raised the issue of whether a strip off can be decreed when the debtor is not the sole owner of the property.

On August 12, 2009, Joan C. Barra ("plaintiff") filed a voluntary petition in this court for adjustment of his debts under chapter 13 of the Bankruptcy Code. Among the assets listed in his schedules is property located at 13247 Sapphire Ridge Road, Bristow, Virginia. On the Schedule A that was filed with the petition, the nature of his interest in the property is listed as "Co-Owner" and the letter "J" is listed to indicate that the property is held jointly with his wife. His wife, Rocio Chavez, is not a joint debtor in this petition and has not filed her own petition

under the Bankruptcy Code.

On August 28, 2009, the plaintiff filed a complaint against CitiMortgage[1] to strip off a wholly unsecured second deed of trust on the Sapphire Ridge Road property. The complaint alleged that the fair market value of the property was between $407,600.00 and $440,000.00,[2] and that the amount due to the holder of the first deed of trust was $448,000.00, rendering CitiMortgage's deed of trust wholly unsecured and subject to strip off under § 1322(b)(2), Bankruptcy Code. At the hearing held on the plaintiff's motion for summary judgment, the court raised the issue of whether a debtor who owns property as tenants by the entireties could unilaterally strip off of a wholly unsecured deed of trust. The court then took the matter under advisement and invited the plaintiff to file a memorandum.

On July 15, 2010, the plaintiff filed a memorandum with the court explaining that the schedules were incorrect and the debtor owns the property in fee simple. The plaintiff explained that although the property was once co-owned by him and his wife, she reconveyed her interest in the property when the plaintiff began experiencing financial difficulty. Indeed, a deed of gift dated June 16, 2009, shows that the property was conveyed from Joan Carlo Barro and Rocio del Pilar Chavez to Joan Carlo Barro. *Exhibit 3* (Doc. # 28).[3] An amended Schedule A, reflecting that the plaintiff owned the property in fee simple, was also filed. (Doc. # 27).

---

[1] The holder of the first deed of trust, OneWest Bank, was also named as a defendant, but no relief is sought against it.

[2] The complaint alleged that an appraisal valued the property at $440,000 and that the tax assessed value was $407,000. (Doc. # 1).

[3] Moreover, Exhibit 2 shows that the plaintiff transferred the property to him and his wife on June 30, 2008, and that on August 14, 2009, the property was transferred back to the plaintiff as sole owner.

Because the plaintiff is the only owner of the Sapphire Ridge Road property, the court need not rule on the issue of whether a debtor who co-owns property may properly avoid a wholly unsecured junior deed of trust in a chapter 13 case.  However, if the court had to reach the issue, it would likely follow the only reported decision in this district, *Hunter v. Citifinancial, Inc. (In re Hunter)*, 284 B.R. 806 (Bankr. E.D. Va. 2002), which held that a wholly unsecured lien on property owned as tenants by the entireties could not be stripped by only one of the co-owners.  *But see Strausbough v. Co-op Services Credit Union (In re Strausbough)*, 426 B.R. 243 (Bankr. E.D. Mich. 2010).

In any event, the court finds that the value of the Sapphire Ridge Road property is less than the amount due on the first deed of trust, thereby rendering it wholly unsecured and subject to strip-off under § 1322(b)(2), Bankruptcy Code. *Dean v. LaPlaya Invs., Inc. (In re Dean)*, 319 B.R. 474 (Bankr. E.D. Va. 2004).  The claim of CitiMortgage will be treated as an unsecured claim in the plaintiff's bankruptcy case and will be deemed void upon the completion of the chapter 13 plan payments and the plaintiff's receipt of a discharge.  A separate order consistent with this opinion will be entered.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Justin Marcus Reiner
Pels, Anderson LLC
4833 Rugby Ave. 4th Floor
Bethesda, MD 20814
Counsel for the plaintiff

CitiMortgage
P.O. Box 183040
Columbus, OH 43218
Defendant